The times that we're in require us to do this by video so we appreciate your cooperation and your willingness to participate in this fashion as opposed to our preference which would be to have you in person in one of our courtrooms. I also want to thank at the outset our court staff who have been so diligent and so expert in their approach to putting this fashion. I have the pleasure today of sitting, I'm Judge Engelhardt and I'm sitting with Judge Jack Wiener who is on at least in terms of my screen is on the upper right and Judge Andrew Oldham who's actually in Austin and he is again I'm looking at my screen he is to the immediate right of me. So welcome and I would tell you at the outset that the panel appreciates your briefing we are fully aware of the arguments you've made in your briefs very familiar with the arguments as well as the key cases that you've cited as part of your briefing. So with that we might as well go ahead right in and start. Mr. McBride I understand you've claimed 16 minutes for your initial argument and four minutes for rebuttal is that correct? That is correct your honor. Okay Scott McBride for the University of Texas MD Anderson Cancer Center. You are muted. This case is an appeal from the administrative decision by the U.S. Department of Health and Human Services to assess a 4.3 million dollar penalty against MD Anderson for alleged violations of two regulations. In this case it involves a stolen laptop and two lost USB drives. Importantly in the case the department found there was no harm to individuals yet despite there being no harm to individuals the department assessed the penalty. But the penalty against MD Anderson is not supported for many reasons. First and foremost is that MD Anderson is part of as an arm of the state of Texas and as such it is not subject to a civil monetary penalty under the statute. The penalty statute issue here allows the government to assess the penalty against a person but the term person is defined specifically in the statute in section 1301 and that definition says that the person means an individual trust or estate partnership or corporation. It does not include the state. The government acknowledges that this is the definition that's applicable to HIPAA. They did that when they proposed some enforcement regulations back in 2005 stating this is the definition, the statutory definition that applies. This result of straightforward statutory interpretation is also supported by the case law. In 2000 the Supreme Court issued the decision in Stevens and in the Stevens case the Supreme Court was dealing with an issue of whether or not the states were persons under the False Claims Act. Now importantly in that case there was no statutory definition and so the court identified a couple of key presumptions that apply here. First the Supreme Court said there is a presumption that the term person does not include the sovereign and second of all the Supreme Court said there is a presumption against the imposition of penalties upon the state. The Supreme Court went on to say that if you're going to impose penalties on the state and change the balance between the federal government and the states you need to make sure that that intent is about applying the statute to the sovereign. Can we just, I have a question for you about your understanding of how the whole statute fits together. Certainly your honor. So I understand your 1301 argument and I understand that you think the word person has to be limited to individual trust the state partnership or corporation but what I don't understand is how you think 1320d.1 operates with respect to that set of persons defined in 1301. In particular I'm thinking about a health plan right so we know from 1320d.1 that a health plan is a person right? Right. So I'm sorry go ahead. So in 1320d.1 this is kind of the crux of the government's argument in 1320d.1 what it says is the following the standards right not the penalties but the standards. The standards under HIPAA apply to the following persons but the word persons is generically. If you read that statute we don't believe that that changes the definition of person at all. If you read that statute if you were to eliminate the word persons it's doing no work there. You could read the statute and it says the standards apply to health plans clearing houses and health care providers. If you compare that to the statute in d.5 which talks about the penalties the term person is doing all the work in section d.5. In section d.1 it's doing nothing it adds nothing to that. What what the government's position is is that this section d.1 somehow changes the definition of the term person but I would suggest to the court if you look at the supplemental briefing that the government filed last week that's not true. The government's arguments now contradict each other and they have a problem in their supplemental briefing for at least two points. The first problem is this if you look at page four of their supplemental briefing they go through and the government says in some sections the court or the congress unambiguously spells out which person it's intended to apply to and they reference section 13 20 d.1. So their statement is it's unambiguous we don't agree with that but that's their statement in that section. Their next sentence is that in some others in other sections though you would have to look at what congress intended from the language the context and the principles principles of statutory construction. In other words the government argues in their supplemental briefing that even if it's changed in section d.1 it's not changing it in section d.5 and they had to argue that because otherwise it creates a constitutional conflict that this court identified for them. And I understand the attention to the government has to deal with but what I'm trying to figure out is the one that md anderson has to deal with which is that the health plan reference in 13 20 d.1 a1 includes both things that aren't persons under 1301 so that's one textual problem but it also includes sovereigns right so if you look at the definition of health plan in 13 20 b 5e for example includes the medicaid program includes programs for active military personnel veterans health care programs and includes so both things that aren't persons under 1301 ensure interpretation of 1301 and it's also things that have that are sovereigns and the medicaid program is up and down sovereign program right it's a mixture between state and federal but it's definitely sovereign well there's there are definitions so if you look in the definition section of 13 20 d right the government has the opportunity to put in all sorts of definition which they have done there what you'll find missing from there is a definition of person because person's already established in the statute which they acknowledged is the definition but what their argument is in d1 is that the standards apply to a health plan a clearing house and a health care provider state hospitals are health care providers health care providers actually defined in title or in chapter 18 of the social security act right but council when you're reading d1 it says apply to the following persons if they mean if congress didn't mean for health care provider number three to be a person how would it say the following persons and include a health care provider well we we're not suggesting that health care providers aren't going to follow the standards of HIPAA what we're suggesting is that this provision does not unmistakably change the definition of person in the statute right this provision here talks about the standards that apply under HIPAA but you don't have to look at anywhere else in the statute and shouldn't because it says shall mandatory apply to the following persons and the three names have to be persons to congress we believe that that that language and the term person is using is used generically and when you do a comparison of that section compared to the penalty provision in d5 you'll see a difference in d5 congress did not assert say that you could assess penalties against health care providers health plans or against clearing houses they said against a person and that'd be consistent with the way and the presumptions of statutory construction that exists in case law we think the enforcement mechanism of HIPAA on a state hospital if it doesn't come from the department is there a private right for a patient maybe or is there other than it being a suggestion we know it's more than that what would be the ramification for a violation if not this well your honor there are many things that the government could do to promote compliance with the standards right and they do that and as an initial matter i would tell you that every state hospital has every incentive in the world to comply with patient privacy md anderson's mission is to cure cancer they do that by research by patient care and collaboration with other institutions in the federal government if they ignore patient privacy they're going to defeat themselves in their own mission but the government's not powerless in how they can promote compliance when they issued the uh regular the regulations related to enforcement they specifically said they'd work with providers to provide technical assistance to allow them to try to come into compliance so they can still provide that technical assistance the government could also if they think there's a state agency that's not working with them they could also go to their state counterparts and work with the state enforcement agency to try to pursue enforcement the government could also sue individuals going after individuals for individual liability if warranted also the recent these can't these state hospitals often they have many different types of agreements and it's an extreme measure but if the government thought that a state hospital was not taking its its responsibility seriously it could uh it could decline to provide any more of those contracts it could sue them for breach of contract and finally your honor i'd note this the government hhs in particular has many different types of regulatory schemes including issues that deal with quality of care and oftentimes those quality of care what they do is they come in they cite deficiencies and they work with the hospitals to do corrective action all these things are some of the things that are available to the government to still pursue and and promote compliance what's clear though is that the government cannot assess a penalty against the state agency under the statute and that's the issue that we have here today before before this court it's a very specific issue and it's the issue of how do you define the term person and how does that term person work when you're talking about uh imposing a penalties on a state the government supplemental briefing again i go back to the page four it's it's interesting they've basically said under section d1 they think it's unambiguous that the government changed the definition of person we would dispute that say it needs to be unmistakably clear but even so the government's next section is that in section d5 they walk away from that position and they say in section 5 you have to look at the language and the language here is a statutory interpretation and the language of the section says person doesn't say anything else you have to look at the context the context is we're assessing penalties against states and you have to look at the appropriate principles of statutory construction and those are a presumption that term person does not include the state a presumption that you don't impose penalties against the state and a requirement that there be a clear statement an unmistakably clear statement in the statutory language the government's next sentence after they say that in their supplemental briefing is to refer the court to a regulatory definition that was proposed in 2005 but a regulatory definition won't meet any of those standards it's not a statutory language it doesn't meet the presumptions the government's position in this is tortured now by comparison mb anderson argues to the court and their arguments harmonize they harmonize the clear definition statutory definition person harmonized with the presumption that a person is not in that the person does not include the states harmonizes with the presumption that you don't impose penalties on this on the states it supports the clear statement rule it avoids the constitutional defect beside between section a and d and allows for the consistent usage between a and d and the term person when you look at but it still requires to read the word person out of b1 because i think we understand if i understood the question earlier the standard adopted under this part shall apply and or in part this meeting is being recorded on persons that's the way you would read d1 right well well d1 says it applies to the following curses you can set the penalty against a person yeah but i thought what we're talking about earlier is that your your understanding of this means it has to be persons or non-persons because under your theory of what a person is some of the things in d1a clearly fall outside of it right so for i'll just give an example you can't have a person limited health plan right because some of the health plans that are listed in 1320 d don't meet your definition of person get there they are enumerated and congress wants the statute to apply to them so as i understand what you're saying you want us to read 1320 d1a to say a standard or standard adopted under this part shall apply to the following persons or non-persons yeah we we that's correct we don't think that section d1 changed the statutory definition the term persons is doing no work in that statutory section you could read the section to say the standards apply to the following and then do the list you could say it applies to the following entities that is different when you look at the statutory section in d5 where you're talking about assessing the penalty and the government supplemental briefing also makes the distinction between d1 and d5 the other issue i tell you the other issue i'd say with the government supplemental briefing that raises a a disconnect in their arguments is the government focuses in on the idea that you can take certain terms and they can have different meanings right within how you interpret those and the government cites several different cases but the cases the government site deal with the terms of air pollutant terms of imprisonment or employee and that misses the mark here this issue has to do with the term of person and in particularly the imposition of penalties on a state there's two cases in their supplemental briefing that touch on that the first one is return mail and return mail is instructive that's a supreme court case from last year and in that case there was no statutory definition of person and the government was trying to assert that they were a person for purposes of going into a patent dispute the supreme court reiterated the presumption a long-standing presumption that the term person does not include the sovereign the supreme court looked at the found that that did not include the person the government in an attempt to distinguish themselves argued that this presumption was going to be the strongest when you were trying to impose liability on the government and the reason because in your turn mail they were not trying to impose liability so here the government's own arguments is the presumption is the strongest when liability is being assessed here what happened though the supreme court said no you can't make that references does not meet the affirmative showing required to overcome this uh the presumption that the person does not include uh does not include these states the only other case they reference in their in their supplemental briefing is the university of alabama the re the board of regents of the university of alabama and they use that for the proposition that they have the ability to sue states but they leave out one critical fact from that case that case dealt with in the ada and if you go look at the administrate the americans with disabilities act there's a specific definition of person that definition of person refers you back right mr mcbride and go ahead and finish your sentence and then we'll thank you that that definition of person refers you back to the civil rights act of 1964 and there's a very specific definition in that act and the definition of person includes the government okay all right thank you mcbride you have four minutes for rebuttal time thank you murphy if you'd like to begin miss murphy can you hear me okay you may be muted yeah i'm sorry i i unmuted myself and then i got remuted again i apologize may it please the court and mercy for the department of health and human services your honor there's actually everybody agrees in this case that congress can make the state subject to a civil money penalty provided that it speaks sufficiently clearly i don't think there's any dispute about that there may be some dispute about how clearly it has to speak in this case we have clear statutory language um it's unambiguous you have to pick through it a little bit but it's clear in the high-tech act in 20 2009 your honor congress enacted this provision and i'm going to read it because it's important it says any violation by a covered entity under this we're trying to interpret d5a1 and congress also in the high-tech act said that a covered entity is the regulatory definition of covered entity so what we have in 2009 is congress saying covered entities are subject to enforcement and civil money penalties in plain language they that congress adopted in 2009 is it's 45 cfr 160.103 and that just takes the definition of the person to whom the HIPAA standards are going to apply from 1320d-1 and those are the people that are covered entities and as your honors pointed out earlier they include government health plans from 1320d parenthesis 5d to m and also the health care providers in that section are defined by reference to medicare and state state hospitals and other providers are covered by the medicare program so we know for a fact that a covered entity includes agents of the state we also know that congress adopted that definition and that congress said in 13 one 13 410 of the high-tech act that covered entities are subject to civil money penalties so we have clear statutory language saying that that state state providers and health plans are subject to civil money penalty so there's that and that's really clear statutory language is is the gold standard for for overcoming this presumption that congress may not have intended to include persons i just like to refer to council's description of the agency as somehow saying that the background definition of person would apply they're referring to the enforcement regulation at 70 fed reg that was issued in 2005 what the agency says that is really exactly the opposite they say this definition would apply but if you look at the HIPAA that can't possibly be the definition because the person subject to the HIPAA includes state so we know that the hospital is is a person subject to civil money penalties under the HIPAA there's nothing can i ask you um while we're just talking about the clarity of the text um i was struck by this sentence on i'm looking at the red brief this is page 34 where the government argues that that definition referring to the 1301 definition from the social security act has been displaced by the more specific meaning of that term that is the meaning of the term person as used in HIPAA so in the in the government's red brief we have a it seems like there's an argument that HIPAA provides the definition of person and it displaces the more general definition of person in 1301 of the social security act but then in the supplemental brief it seems that the government has changed its position somewhat dramatically and now i'm like on page four but the meaning of the use of i'm sorry the definition of each person congress did not define the word person in HIPAA which seemed at odds with with the red brief and so now we're in a situation where um it's not obvious at all sort of what the government thinks the meaning of the word person is in HIPAA especially with the fact that now we're supposed to read the word person to have two different meanings in the same section of statutory text namely 1325 so i'm sort of confused so two things your honor first of all that's a very fair catch i think when we were writing the red brief we were really just looking at d1 and d5 um our fault obviously if we didn't also consider that the we didn't really hone in on the areas where the person in the HIPAA is clearly like an individual and it can't possibly be that so we're looking much more d-1 and you know when it says shall apply to the following persons it seems clear that they mean those to be persons and then when the enforcement section says you know you're going to have penalties against persons who violate those should be the same person i think that's where our attention was focused the honor is completely correct that we did not look as carefully as we did i would just like to to suggest them that when your honor suggests that we need to have a different interpretation of subsection d we think that is probably not correct because we don't think that there is likely to be an 11th amendment issue at all we weren't sure enough to be able to put that in a brief uh because it's not really before the court but the relevant law seems to us to be that that the attorney general provision would authorize the state to sue another state and we know that that generally doesn't violate the 11th amendment even when it's the money penalties in that case would be kansas v colorado 533 u.s one pages 78 collects the relevant principles so it's not as easy as that though in this case your honor because even though a state can sue another state without violating the 11th amendment there's an exception if the state isn't asserting an interest of its own but is instead asserting an interest of individual citizens within the state and as you know the HIPAA provision kind of has both things it has apparent patriarch action on behalf of the state which would suggest no 11th amendment violation there's also some language in there about on behalf of residents and um suffice it to say your honor we thought that the risk that there would be an 11th amendment problem was very low but not non-existent we didn't want to commit to it and justice department brief um we thought it was also overwhelmingly likely that you would be able to to interpret those provisions the same way and to include the states both times um but it also seemed clear that what you really wanted to know was the right interpretive tool for subsection d-5a since that's the issue before the court and so we gave you our best answers to that question um once we had as your honor pointed out focused in a little bit more on the ranges of meaning of person in the HIPAA um so to the extent i've i i hope that's clarified it enough the honor i i appreciate it although i assume that we would agree that the citizen of one state certainly can't sue a foreign state correct certainly cannot sue correct the state of texas yes no these would be it's just the it's just that the there's another complication which is often when a state does sue a state it does so in the supreme court under the original jurisdiction of the supreme court and the HIPAA provides revenue for these states attorney general's provisions like in district court so that's another wrinkle that made us think that you might actually not want to necessarily breach the 11th amendment in implications of this but um as i said i think kansas v colorado sets out most of the things that concern us here but it's very clear that because of the way that the united states came together um the states consented to suit against each other or among themselves and and here it would be we think if a state attorney general wanted to sue another state that it would be a state versus state suit and not an individual suit i'm sorry i didn't speak over you um it would be the suit would be the state against the state rather than an individual citizen sitting by the state yeah because the attorney general would be acting for the state we think but again as you know we didn't we didn't completely close all the dots and and yeah so so that so that was why we answered the question that way and i think what we've clarified is that we hadn't looked maybe quite closely enough at all the meanings of the word person and HIPAA um but we still are really clear that when HIPAA says it's going to apply to the following persons and it says that civil penalty shall apply to the following persons we're talking about the same group of persons which are the HIPAA covered entities the ones that have to comply you know i would just it would have been a lot easier for congress just to offer a definition of the word person i mean the thing that's so odd about the government's argument strikes me is that they're two different like the united's code as relevant here has two different provisions that define person obviously this is social security act and if that's not sufficient then there's the dictionary act but both of those leave the problems for the government's interpretation of person and given how highly reticulated the statutory scheme is it just seems really hard to sort of look through both of the specific definitions of the word person to all of these other things that don't purport to be to be definitional provisions no i think the answer to that actually is that that congress is being smart here because they wanted to use person for natural people as well so once you've defined i think this is why both sides have you know what the HIPAA then you can't use it for what other you know thing you want to denote for example natural persons who need to receive HIPAA training or you know if you divulge to another person then that's a problem so i actually think that they by giving a functional definition of saying here are the people who have to comply and you know if you know the agency took that and called it covered entity so they've just they've solved the problem by just saying okay we know who you are you're entities so it's not an issue for them and i suppose congress could have done something like that but it didn't and i as i say i think particularly in light of the high-tech act it made its intentions perfectly clear yes if if i might and if you have no more personal questions i would just like to to move to the question of of the violation here and hhs is interested violations these are extremely extremely serious core violations of the HIPAA and they were long lasting and that's why hhs is concerned about them the provider has a mandatory obligation to keep patient data safe and to make sure that the only people who have access to that data are people who have been granted access right as patients we all understand that we really want to make sure that when we go to the doctor and we give them the financial information for the health insurance and we give them our personal medical histories and medical information that it's going to be safe and HIPAA is absolutely full of mandatory language requiring the providers to comply of course HIPAA and and the regs don't tell the providers how to comply that's up to them they have flexibility to implement the HIPAA but they don't have flexibility that they're not it's just not going to implement certain parts of it and here what the hospital did was it it knew very well that the the board's decision you know cite ample evidence that it knew that it had a risk the risk was ongoing it was serious because the data on portable media are really susceptible to theft and loss and yet the hospital did nothing so in answer to the question the reason that this is an enforcement case is this is a really very serious case with a long-going violation that affected a lot of people if you're honest have no further questions i think i've i've told you everything i wanted to tell you anybody okay uh thank you very much miss murphy uh mr mcbride you had four minutes for rebuttal if you'd like to go ahead and begin thank you your honor i'm unmuted now um uh thank you i first respond to the suggestion that these are the serious violations i want everybody to know that md anderson's takes their compliance seriously and uh what you're talking about here are three devices right that were lost or misplaced out of approximately 30,000 plus devices you're talking about three employees who didn't follow md anderson's policies and procedures out of a workforce more than 20,000 employees and i think that the record is absolutely sufficient which the dab and the alj's below did not review there is plenty of records there's plenty of information a record that shows the to protect patient information what you have here is a problem from the government enforcing two regulatory standards by expanding the regulatory definition and in both case under encryption and disclosure that's exactly what they did they expanded the encryption regulation to require that that md anderson uh provide device level encryption that's not in the regulation on the disclosure they expanded the definition of disclosure to include loss of control that's in both cases the regulatory definitions are very clear and md anderson met those regulatory definitions and what the government's uh suggestion that this is a serious violation uh is is just not supported by the record and so it's frustrating to hear that and i think that's been part of the frustration for md anderson through this case is that nobody will look at the record nobody will talk about everything they've done the fact that md anderson started discuss device level encryption we have testimony in the record from an expert saying md anderson was ahead of everybody in the industry yet what the government does is they use md anderson's own goals to improve its privacy to then come back and say you violated these regulations and we're going to impose a civil monetary penalty there's no support for them to expand the regulatory definition it's not supported under kaiser uh from the supreme court last year and it's not supported by the record so i don't think that there's any i just want to be clear there's to suggest that somehow this puts so many people at risk and with a terrible violation i don't think it's supported at all and uh it's frustrating to hear that i would just summarize that when you go back and your questions you ask them about the person and uh miss murphy said occasionally yes it's very clear you look at statutory language and she referenced everything but language from the statute she referenced hippa and high tech from the legislative history but if you go look at the actual statute i don't think you're going to find that unmistakably clear language in the statute that changes this definition the congress was aware that this definition applied and when congress is aware of a specific definition they know how to change the language they've done it many times in other statutes where they've changed the language of person to include the states they've done it in the antarctic conservation act they've done it in the epa area and all over but they didn't do it here they implemented and added a whole bunch of definitions but never did they try to change the definition of person and i think that what that leads us to is the inescapable conclusion that you have to look at the term person in section d5 apply the presumptions that come from statutory interpretation which is the first presumption by the supreme court is that the person person does not include the states and the second presumption that you don't impose penalties on the states when you do that you reach the conclusion that md anderson is not a person and that they cannot be held liable for a cmp and i also would add that they've met all the regulatory violations and so before our time expires are you aware of any case one way or the other addressing this argument about whether state hospitals are persons under hippo so we believe this is a case of first impression your honor anywhere in the nation anywhere in the nation so uh your honors we appreciate the time we'd ask the court to reverse the agency's determination and render judgment in favor of md anderson thank you all righty thank you counsel we appreciate your presentations and uh the court will take the matter under advisement render a decision in due course and we appreciate your willingness to participate by way of video conference again so thank you very much thank you hi judges i will